IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CR-095-SEH |
| | ) |
| HAYDEN BARCLAY GREENE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Hayden Barclay Greene's Opposed Motion for Issuance of Subpoena to Produce Documents, Information, or Objects in a Criminal Case – Confidential Records. (Docket No. 37). The Motion was referred to the undersigned Magistrate Judge by presiding United States District Judge Sara E. Hill. (Docket No. 38). Upon the Court's review and consideration of the filings of the parties and arguments presented at the hearing, the Opposed Motion for Issuance of Subpoena to Produce Documents, Information, or Objects in a Criminal Case – Confidential Records is hereby **DENIED**.

**Background**

On March 19, 2025, Defendant Hayden Barclay Greene ("Defendant") was charged in a three-count Indictment with (1) Abusive Sexual Contact by Force and Threat in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, and 2244(a)(1); (2) Assault of an Intimate/Dating Partner by Strangling and Attempting to Strangle in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, and 113(a)(8); and Assault by Striking, Beating, and Wounding in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, and 113(a)(4). (Docket No. 14). The first two counts of the Indictment alleged Defendant committed crimes against A.G. on December 30, 2024. *Id.* at 1-2.

Defendant filed his Motion on July 15, 2025, seeking the issuance of a subpoena duces tecum under Federal Rule of Criminal Procedure 17(c) for "crisis intervention records" related to contacts A.G. had with "crisis counselors" from Family and Children's Services' Community Outreach Psychiatric Emergency Services ("COPES").  (Docket No. 37).  Specifically, Defendant's proposed subpoena seeks "any and all records [in COPES's possession] relating to any telephone calls or any other method of contact by A.G. or anyone on her behalf; or occurring at [xxxx] South Yorktown Place, Tulsa, OK 74105; or [xxxx] South Elwood Avenue, Tulsa, OK 74132; related to any incident, including but not limited to, the following dates: 12/14/2024; 12/30/2024; or any other time appearing in their records for the last twelve (12) months." (Docket Nos. 37 at 3; 43 at 2).  Defendant asserts the records should be produced because (1) "[A.G.'s] mental health history may directly impact her credibility, particularly if she has a history of delusions, hallucinations, or impaired perception of reality[;]" (2) "the records may reveal prior inconsistent statements or alternative explanations for [A.G.'s] behavior on the day in question[;]" and (3) "the[] records may also contain information relevant to [A.G.'s] ability to perceive, recall, or truthfully recount the events at issue."  (Docket No. 37 at 2).

The Government filed its objection to Defendant's Motion on July 18, 2025, and also stated an objection on behalf of A.G.  (Docket No. 43 at 2).  According to the Government, any documents in COPES's possession pertaining to A.G. are protected from disclosure under the federal psychotherapist-patient privilege established by *Jaffee v. Redmond*, 518 U.S. 1 (1996), and therefore inadmissible. *Id.* at 3-4.  If such privilege does not apply to the records, the Government alternatively argues that Defendant cannot overcome the general prohibition against using subpoenas to obtain possible impeachment materials in advance of trial, that A.G.'s mental health records constitute irrelevant, extrinsic evidence on a collateral matter, and that the subpoena is not

specifically tailored but amounts to a fishing expedition with no basis in fact. *Id.* The Government further argues that denying the motion would not violate any of Defendant's constitutional rights to confrontation and effective assistance of counsel. *Id.*

The Court held a hearing on Defendant's Motion on July 31, 2025. (Docket No. 45). At the hearing, the arguments by counsel primarily focused on whether the requested records are subject to the federal psychotherapist-patient privilege. Defendant argued the privilege would not apply to A.G.'s records if they were not created by a licensed mental health treatment provider. Defendant agreed, however, that certain records would be covered by the privilege if generated by the appropriate treatment provider and if they addressed A.G.'s treatment and diagnosis. The Government countered that, regardless of licensing issues, all the records generated by COPES are protected by the privilege and therefore inadmissible.

For the reasons explained herein, the Court concludes that the requested records from COPES are not subject to production, as they are protected by the federal psychotherapist-patient privilege and therefore inadmissible.[1]

## Legal Standard

Pursuant to Federal Rule of Criminal Procedure 17, "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed.

---

[1] Because the Court determines the records are inadmissible, it does not address the Government's additional arguments regarding relevancy and specificity. Additionally, although Defendant briefly references that his "[Sixth Amendment] constitutional right to confront his accuser and present a complete defense" by obtaining the records outweighs any potential prejudice to the witness (Docket No. 37 at 2), denying Defendant's request for records would not result in a violation of his rights under the Confrontation Clause. "[T]he right to confrontation is a trial right that prevents improper restrictions on the types of questions defense counsel may ask during cross-examination[,]" not a "'constitutionally compelled rule of pretrial discovery.'" *United States v. White*, No. 22-CR-00401-GKF, 2023 WL 8715832, at *3 (N.D. Okla. Dec. 18, 2023) (quoting *United States v. LaVallee*, 439 F.3d 670, 692 (10th Cir. 2006)).

R. Crim. P. 17(c)(1). Further, a court may direct a witness to produce certain items before trial or before they are offered into evidence and subsequently permit the parties and their attorneys to inspect said items. *Id.*

A party seeking a subpoena duces tecum pursuant to Rule 17(c) must show that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and not intended as a general "fishing expedition." *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). Essentially, the defendant "'must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700); *see also United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993) (same).

To satisfy the first two elements, a defendant must show a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and must make a "sufficient preliminary showing" that the requested material "contains evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700. "Conclusory allegations of relevance and admissibility are insufficient." *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994) (citations omitted). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases," but "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon*, 418 U.S. at 698-99. "In other words, Rule 17(c) is not a discovery tool but offers compulsory process for securing specific, identifiable evidence for trial." *Jackson*, 155 F.R.D. at 667.

## Discussion

The Supreme Court recognized a federal psychotherapist-patient privilege in *Jaffee*, stating that "confidential communications between a licensed psychotherapist[2] and her patients in the course of diagnosis and treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. at 15. In recognizing the privilege, the Supreme Court reasoned that, "[l]ike the spousal and attorney-client privileges, the psychotherapist-patient privilege is 'rooted in the imperative need for confidence and trust.'" *Id.* at 10 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)). Because "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment[,]" *id.* at 10, the existence of the psychotherapist-patient privilege serves important private and public interests. *Id.* at 11 (explaining that the psychotherapist-patient privilege serves private interests by encouraging the confidential relationship necessary for successful treatment and "serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem."); *see In re Qwest Commc'ns Inter. Inc.*, 450 F.3d 1179, 1197 (10th Cir. 2006).

The Tenth Circuit then extended the *Jaffee* privilege to defendants in criminal proceedings. *United States v. Glass*, 133 F.3d 1356 (10th Cir. 1998). As to the mental health records of prosecution or defense witnesses in criminal cases, this Court has previously predicted that the Tenth Circuit would extend the privilege to such individuals. *See United States v. Robinson*, 583 F.3d 1265, 1273 n.4 (10th Cir. 2009) (acknowledging that, "[a]lthough some of the records [of a prosecution witness] may be subject to a claim of privilege," the prosecution failed to assert said privilege); *White*, 2023 WL 8715832; *see also United States v. Murra*, 879 F.3d 669, 680-81 (5th

---

[2] This includes licensed psychiatrists, psychologists, and social workers. *Id.*

Cir. 2018) (affirming the lower court's application of the *Jaffee* privilege to victims' psychotherapy records).

Defendant's Motion seeks records that are likely subject to the psychotherapist-patient privilege and therefore inadmissible. Family and Children's Services is a mental health treatment facility that provides additional services through the COPES program. Defendant has not provided the Court with reason to believe that the witness's communication with COPES did not involve confidential discussion of mental health issues and did not involve licensed professionals.[3] Further, Defendant has not suggested, and the Court has no reason to believe, that the witness waived the *Jaffee* privilege. *See Jaffee*, 518 U.S. at 15 n.14 (noting that a patient may waive the psychotherapist-patient privilege). Therefore, because the Court finds that the records are protected by the psychotherapist-patient privilege and thus inadmissible, it need not address the other *Nixon* elements.

## Conclusion

For the reasons set forth herein, Defendant Hayden Barclay Greene's Opposed Motion for Issuance of Subpoena to Produce Documents, Information, or Objects in a Criminal Case – Confidential Records (Docket No. 37) is **DENIED**.

---

[3] Defendant does not argue that there is an issue as to whether COPES is composed of licensed professionals. However, at the hearing, Defendant's counsel mentioned the issue of whether the requested records were produced by licensed mental health professionals. While there is no consensus among federal courts as to whether the *Jaffee* privilege extends to unlicensed mental health professionals, this Court has previously found similar records to be protected by the privilege, regardless of licensure. *See White*, 2023 WL 8715832, at *3; *see also and compare United States v. Robinson*, 5 F. Supp. 3d 933 (S.D. Ohio 2014); *Oleszko v. State Comp. Ins. Fund*, 243 F.3d 1154 (9th Cir. 2001); *United States v. Lowe*, 948 F. Supp. 97 (D. Mass. 1996); *Greet v. Zagrocki*, No. CIV. A. 96-2300, 1996 WL 724933 (E.D. Pa. 1996), *with United States v. Durham*, 93 F. Supp. 1291 (W.D. Okla. 2015); *Jane Student 1 v. Williams*, 206 F.R.D. 306 (S.D. Ala. 2002).

6

IT IS SO ORDERED this 5th day of August, 2025.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT